Rcpt # FWO 22821

ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 OCT -9 AM 8:53

CLERK OF COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | ) | |
|---|---|---|
| MARIA PULIDO | ) | |
| *Plaintiff.* | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | |
| MIDLAND FUNDING, L.L.C. | ) | |
| *Defendant.* | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| MIDLAND CREDIT | ) | 4-14CV 820-Y |
| MANAGEMENT, INC. | ) | |
| *Defendant.* | ) | |
| | ) | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Maria Pulido, complains of Midland Credit Management, Inc. and Midland Funding, L.L.C., Defendants', and for cause of action would respectfully show as follows:

### NATURE OF ACTION

1. This is an action for damages brought by individual, Plaintiff Maria Pulido against Defendants' Midland Funding, L.L.C. and Midland Credit Management Inc., for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et al.

2. Plaintiff alleges that Defendants' have made repeated demands for payment of a non-existent consumer debt and is attempting to coerce Plaintiff into paying the non-existent consumer debt by filing a lawsuit against her in the Lower Court without any verified documentation or agreements.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 47 U.S.C. §227(f)(2).

4. This Court has jurisdiction over Defendants' pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state, to wit debt collection.

5. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(f)(4).

6. Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Crowley, the Defendant transacts business here, and the conduct complained of occurred here.

7. All conditions precedent to the bringing of this action, have been performed.

## PARTIES

8. The Plaintiff in this lawsuit is Maria Pulido, (herein after "Maria") a natural person and a citizen of Tarrant County, Texas.

9. Defendant in this lawsuit is Midland Funding, L.L.C. (herein after "Midland Funding") a debt collection company with principal office at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

10. Midland Funding is registered with the Texas Secretary of State pursuant to Tex. Fin. Code § 392.101 to engage in debt collection activities in Texas.

11. Midland Funding may be served with process by serving its registered agent for service of process: Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

12. Midland Funding is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13. Defendant in this lawsuit is Midland Credit Management, Inc. (herein after "Midland Credit Management") a debt collection company with principal office at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

14. Midland Credit Management is registered with the Texas Secretary of State pursuant to Tex. Fin. Code § 392.101 to engage in debt collection activities in Texas.

15. Midland Credit Management may be served with process by serving its registered agent for service of process: Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

16. Midland Credit Management is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Midland Credit Management and Midland Funding are in the business of collecting consumer debts using the mails and telephone and regularly collects, or attempts to collect, consumer debts owed, or alleged to be owed, to another person.

## ACTS OF AGENTS

18. Whenever in this complaint it is alleged that a particular Defendant or a group of Defendants' did an act, it is meant that:
    a. The Defendant or group of Defendants' performed or participated in the act; or
    b. The Defendant's or group of Defendants' officers, agents, attorneys, trustees, or employees performed or participated in the act on behalf of and under the authority of the Defendant or group of Defendants'.

## FACTUAL ALLEGATIONS

19. At all relevant times, Defendants' Midland Credit Management and Midland Funding are attempting to collect an alleged but non-existent consumer debt from Maria in the amount of $2,825.65, allegedly owed to Target National Bank. (Hereinafter collectively known as the "Account")

20. Upon information and belief, in the normal course of business Midland Funding purchases consumer debts that are in default and forwards them to Midland Credit Management to service and/or collect the consumer debts.

21. On July 01, 2014, Maria discovered that Midland Funding was reporting the Account on her Experian Consumer Report.

22. Maria has never received any written communication regarding the Account from Midland Funding.

23. Maria sent a letter to Midland Funding disputing the Account and requesting validation, pursuant to the FDCPA, 15 U.S.C. § 1692g, because Maria does not know who Midland Funding is nor has ever had any business arrangements with Midland Funding.

24. Further, Maria does not recall having any business arrangements with Target National Bank.

25. Maria received a response from Midland Credit Management acknowledging the dispute of the Account and informed Maria that Midland Funding was the current owner of the Account.

26. Midland Credit Management *did not* provide any documentation *with* signed verification, accounting of the alleged account, copy of any signed contract, or agreement. Further, Midland Credit Management *did not* provide a complete accounting of all interest

expenses, fees, if any, credits and/or any other adjustments made to/on the alleged account up to the time of the demand for payment to indicate a true and correct balance due on the alleged account.

27. Midland Credit Management has provided Maria *no extrinsic evidence* of the alleged Account and *did not advise* Maria that it had verified the balance with Target National Bank to be true, correct, and still owing.

28. Upon information and belief, Midland Credit Management did not contact the alleged original creditor Target National Bank and verify the nature, status, balance of the alleged debt, and *that they were demanding payment from the correct person*. Further, Midland Credit Management did not check its own records to verify the alleged Account.

29. Midland Credit Management *has provided* Maria *not one document or agreement* that would give her confidence that Midland Credit Management confirmed that it is not dunning the wrong person and/or collecting a debt which has already paid.

30. On September 20, 2014, Midland Funding served Maria with a lawsuit filed in the Justice of the Peace Court, in Tarrant County Texas, Case No. JP06-14-DC00000563 without any verified documentation or agreements.

31. Despite Maria's multiple attempts to inform Midland Funding and Midland Credit Management that the Account they are demanding payment for is disputed, Defendants' have proceed to file a lawsuit against her and have failed to provide any type of verified documentation or agreement to support there demands for payment of the Account.

32. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

## COUNT I

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(2)(A) BY DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.**

33. Paragraphs 1 through 32 are re-alleged as though fully set forth herein.

34. Midland Credit Management aforementioned conduct violated the FDCPA.

35. Midland Credit Management attempting to collect on the Account that Maria does not have any obligation or does not owe is a misrepresentation of the "character" and "legal status" of a debt, is a violation of 15 U.S.C. § 1692e(2)(A),

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692f(1) BY DEFENDANT MIDLAND CREDIT MANAGMENT, INC.**

36. Paragraphs 1 through 35 are re-alleged as though fully set forth herein.

37. Midland Credit Management aforementioned conduct violated the FDCPA.

38. Midland Credit Management actions of making repeated demands for payment on the Account that is not authorized by an agreement creating a debt or permitted by law is a violation of 15 U.S.C. § 1692f(1).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(2)(A) BY DEFENDANT MIDLAND FUNDING, L.L.C.**

39. Paragraphs 1 through 38 are re-alleged as though fully set forth herein.

40. Midland Funding aforementioned conduct violated the FDCPA.

41. Midland Funding attempting to collect on the Account that Maria does not have any obligation or does not owe is a misrepresentation of the "character" and "legal status" of a debt, is a violation of 15 U.S.C. § 1692e(2)(A),

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

f) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

g) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

h) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

i) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

j) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(10) BY DEFENDANT MIDLAND FUNDING, L.L.C.**

42. Paragraphs 1 through 47 are re-alleged as though fully set forth herein.

43. Midland Funding aforementioned conduct violated the FDCPA.

44. Midland Funding reporting the Account in question to her Experian consumer credit report and failing to notify Maria of the derogatory account is an unfair and deceptive means to collect the alleged consumer debt, in violation of 15 U.S.C. § 1692e(10),

45. Midland Funding filing a lawsuit against Maria in the Justice of the Peace Court, in Tarrant County Texas, Case No. JP06-14-DC00000563 without any verified documentation or agreements is an unfair and deceptive means to collect the alleged consumer debt, in violation of 15 U.S.C. § 1692e(10),

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

k) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

l) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

m) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

n) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

o) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692f(1) BY DEFENDANT MIDLAND FUNDING, L.L.C.**

46. Paragraphs 1 through 45 are re-alleged as though fully set forth herein.

47. Midland Funding aforementioned conduct violated the FDCPA.

48. Midland Funding actions of making repeated demands for payment on the Account that is not authorized by an agreement creating a debt or permitted by law is a violation of 15 U.S.C. § 1692f(1).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

f) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

g) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

h) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

i) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

j) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g BY DEFENDANT MIDLAND CREDIT MANAGMENT, INC.

49. Paragraphs 1 through 48 are re-alleged as though fully set forth herein.

50. Midland Funding aforementioned conduct violated the FDCPA.

51. Midland Funding failed to send Maria a thirty (30) day validation notice within five (5) days of the initial communication, the initial communication, which was the reporting of the alleged Account to Maria's Experian consumer report, is a violation of 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

k) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

l) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

m) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

n) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

o) Awarding such other and further relief as the Court may deem just and proper.

# DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands trial by jury.

Dated: October 07, 2014

Respectfully Submitted,

*(signature)*

Maria Pulido
7317 Arroyo Way
Crowley, Texas 76036
(817) 313-1191
mpulido62@yahoo.com